# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

FALEN GHEREBI,

                Petitioner,

    v.

GEORGE W. BUSH,
President of the United States,
and ROBERT M. GATES,
Secretary of Defense,

                Respondents.
_____

TAJ MOHAMMAD,

                Petitioner,

    v.

GEORGE W. BUSH,
President of the United States, et al.,

                Respondents.
_____

KARIN BOSTAN,

                Petitioner,

    v.

GEORGE W. BUSH,
President of the United States, et al.,

                Respondents.
_____

Civil Action No. 04-1164 (RBW)

Civil Action No. 05-879 (RBW)

Civil Action No. 05-883 (RBW)

NASRULLAH,                        )
                                 )
    Petitioner,        )
                                 )
    v.                 )      Civil Action No. 05-891  (RBW)
                                 )
GEORGE W. BUSH,                  )
President of the United States, <u>et</u> <u>al.</u>,  )
                                 )
    Respondents.       )

ASIM BEN THABIT AL-KHALAQI,      )
                                 )
    Petitioner,        )
                                 )
    v.                 )      Civil Action No. 05-999  (RBW)
                                 )
GEORGE W. BUSH,                  )
President of the United States, <u>et</u> <u>al.</u>,  )
                                 )
    Respondents.       )

MOHAMMED AMON,                   )
                                 )
    Petitioner,        )
                                 )
    v.                 )      Civil Action No. 05-1493  (RBW)
                                 )
GEORGE W. BUSH,                  )
President of the United States, <u>et</u> <u>al.</u>,  )
                                 )
    Respondents.       )

ABDULLAH M. AL-SOPAI                          )
<u>ex</u> <u>rel.</u> ABDALHADI M. AL-SOPAI,          )
                                              )
                    Petitioner,               )
                                              )
        v.                                    )        Civil Action No. 05-1667  (RBW)
                                              )
GEORGE W. BUSH,                               )
President of the United States, <u>et</u> <u>al.</u>,  )
                                              )
                    Respondents.              )
_____)
                                              )
KADEER KHANDAN,                               )
                                              )
                    Petitioner,               )
                                              )
        v.                                    )        Civil Action No. 05-1697  (RBW)
                                              )
GEORGE W. BUSH,                               )
President of the United States, <u>et</u> <u>al.</u>,  )
                                              )
                    Respondents.              )
_____)
                                              )
ISSAM HAMID ALI BIN ALI AL JAYFI,  )
<u>et</u> <u>al.</u>,                                  )
                                              )
                    Petitioners,              )
                                              )
        v.                                    )        Civil Action No. 05-2104  (RBW)
                                              )
GEORGE W. BUSH,                               )
President of the United States, <u>et</u> <u>al.</u>,  )
                                              )
                    Respondents.              )
_____)

SHARAF AL SANANI, <u>et</u> <u>al.</u>,                      )
                                                           )
                           Petitioners,                    )
                                                           )
            v.                                             )        Civil Action No. 05-2386  (RBW)
                                                           )
GEORGE W. BUSH,                                            )
President of the United States, <u>et</u> <u>al.</u>,       )
                                                           )
                           Respondents.                    )
_____)
                                                           )
WASIM and QAYED,                                           )
                                                           )
                           Petitioners,                    )
                                                           )
            v.                                             )        Civil Action No. 06-1675  (RBW)
                                                           )
GEORGE W. BUSH,                                            )
President of the United States, <u>et</u> <u>al.</u>,       )
                                                           )
                           Respondents.                    )
_____)
                                                           )
RABIA KHAN <u>ex</u> <u>rel.</u> MAJID KHAN,                )
                                                           )
                           Petitioner,                     )
                                                           )
            v.                                             )        Civil Action No. 06-1690  (RBW)
                                                           )
GEORGE W. BUSH,                                            )
President of the United States, <u>et</u> <u>al.</u>,       )
                                                           )
                           Respondents.                    )
_____)

```
_____
                                    )
MUHAMMAD MUHAMMAD SALEH             )
NASSER ex rel. ABDULRAHMAN          )
MUHAMMAD SALEH NASSER,              )
                                    )
            Petitioner,             )
                                    )
        v.                          )          Civil Action No. 07-1710  (RBW)
                                    )
GEORGE W. BUSH,                     )
President of the United States, et al.,  )
                                    )
            Respondents.            )
_____   )
                                    )
ZAYN AL ABIDIN                      )
MUHAMMAD HUSAYN,                    )
                                    )
            Petitioner,             )
                                    )
        v.                          )          Civil Action No. 08-1360  (RBW)
                                    )
GEORGE W. BUSH,                     )
President of the United States, et al.,  )
                                    )
            Respondents.            )
_____   )
                                    )
ABDUL RAHMAN UMIR AL QYATI          )
and SAAD MASIR MUKBL AL AZANI,      )
                                    )
            Petitioner,             )
                                    )
        v.                          )          Civil Action No. 08-2019  (RBW)
                                    )
GEORGE W. BUSH,                     )
President of the United States, et al.,  )
                                    )
            Respondents.            )
_____   )
```

**ORDER**

The undersigned judge (the "Merits Judge") having carefully considered the case

management order entered by the Honorable Thomas F. Hogan in the miscellaneous civil action

captioned as <u>In re Guantanamo Bay Litigation</u>, Misc. No. 08-442 (TFH) (D.D.C.), as well as in

these cases (the "Case Management Order"), as amended by Judge Hogan's order entered on

December 16, 2008 (the "December 16 Order"), and it appearing to the Merits Judge that the

provisions set forth within that order should be modified only to the extent set forth below, it is

**ORDERED** that the Case Management Order is **AMENDED** as follows:

(1).    Section I.A of the Case Management Order is amended to state: [1]

> **A.    <u>Initial Filings for the Merits Judge.</u>**
>
>> **<u>1.</u>    <u>Factual Return.</u>   <u>In accordance with the Court's
>> order of July 29, 2008, as amended by the Court's
>> order of September 19, 2008, the government shall
>> file returns and proposed amended returns
>> containing the factual basis upon which it is
>> detaining the petitioner.  Cf. Hamdi, 542 U.S. at 533
>> (holding that a "citizen-detainee seeking to
>> challenge his classification as an enemy combatant
>> must receive notice of the factual basis for his
>> classification").</u>**
>
>> **<u>2.</u>    <u>Initial Notice to the Court.</u>   <u>Contemporaneous
>> with the filing of a factual return for a particular
>> petitioner, the government shall file a notice stating
>> (1) whether the petitioner has been approved for
>> transfer or release and (2) whether the petitioner's
>> habeas corpus petition has been or should be
>> consolidated with the petition or petitions of any
>> other petitioner (including petitions filed in cases
>> assigned to other members of this Court).</u>**

(2).    Section I of the Case Management Order (as amended by the Court's December

16 Order) is amended to state:

---

[1]  Amended language is underlined.

## C-1.   Motion for Expedited Judgment on the Record.

**1.**   If a petitioner seeks expedited judgment on the basis that the conduct alleged by the government in its factual return, even if true, does not suffice to justify the petitioner's detention as an enemy combatant (i.e., that the definition of "enemy combatant" used by the government to justify the detention of the petitioner based on the conduct alleged by the government is overly broad), he shall file a motion to that effect within 7 days after the filing of the unclassified factual return.   The government shall file its opposition to such a motion, if any, within 7 days after the filing of the motion.   Upon the filing of an opposition by the government, the Court will schedule a hearing on the petitioner's motion.   The Court expects that such a hearing would take place within 7 days after the filing of the government's opposition.

**2.**   Any petitioner for whom an unclassified factual return has already been filed who seeks judgment in his favor on the basis that the conduct alleged by the government in its factual return, even if true, does not suffice to justify the petitioner's detention as an enemy combatant shall file a motion to that effect on or before December 29, 2008.   The government shall file a consolidated opposition to any such motions on or before January 8, 2009.   Upon the filing of an opposition by the government, the Court will schedule a consolidated hearing to address the merits of any such motions.   The Court expects that such a hearing would take place during the week of January 12, 2009.[2]

(3).   Section I.D of the Case Management Order (as amended by the Court's December 16 Order) is amended to state:

---

[2]   The Court expects that the first round of briefing on a motion of the type described in Section C-1 of this order would require extensive discussion of certain contentious legal issues (e.g., the appropriate definition of an "enemy combatant"), which would, at least with respect to those cases before the Merits Judge, be resolved following that first round of briefing, such that subsequently filed motions of the type described in this section of the order would not require extensive briefing from the parties.   The Court has therefore crafted an elongated briefing schedule for those petitioners for whom an unclassified factual return has already been filed, as the Court expects that it will first resolve any motions of the type described in this section of the order that are filed by those petitioners.

1.    The government shall disclose to the petitioner all reasonably available evidence in its possession that tends materially to undermine the information presented to support the government's justification for detaining the petitioner.  See Boumediene, 128 S. Ct. at 2270 (holding that habeas court "must have the authority to admit and consider relevant exculpatory evidence that was not introduced during the [CSRT] proceeding").  In this context, the term "reasonably available evidence" means evidence contained in any information reviewed by attorneys preparing factual returns for all detainees; however, the scope of this disclosure obligation is not limited to evidence discovered by the attorneys preparing the factual return for the petitioner.  The term also includes any other evidence the government discovers while litigating habeas corpus petitions filed by detainees at Guantanamo Bay or any other United States military facility.  In cases in which the government already filed   a factual return, disclosure of such exculpatory evidence shall occur on or before January 9, 2009.  In all other cases, disclosure shall occur within 21 days of the date on which the government files the factual return.  By the date on which disclosure is to occur under this paragraph, the government shall file a notice certifying either that it has disclosed the exculpatory evidence or that it does not possess any exculpatory evidence.

. . .

3.    In addition to the requirements set forth in Sections I.D.1 and I.D.2 of this order, the government shall notify the petitioner of the existence of any evidence known to counsel for the government but not reasonably available to the government that tends materially to undermine the information presented to support the government's justification for detaining the petitioner.  The government's counsel shall certify that counsel has disclosed that such evidence exists or does not know of the existence of any such evidence as part of the notice described in Section I.D.1, and shall inform the petitioner that such evidence exists as soon as is practicable if the government's counsel learns of the existence of the evidence after the date on which the

government was to disclose its knowledge of the existence of exculpatory evidence as soon as is practicable in accordance with Section 1.D.2.

(4).    Section I of the Case Management Order is amended to state:

**H.    Initial Status Hearing.**

**1.**    The Court will enter a separate order setting an initial status hearing for the petitioner's habeas corpus petition upon the filing of the government's factual return.  The Court expects that such a hearing would take place after the filing of the unclassified factual return by the government, but before the filing of the traverse by the petitioner.

**2.**    No later than 2 days prior to the initial status hearing described above, the parties shall file a joint status report certifying that the parties have met and attempted in good faith to narrow the issues requiring resolution by the Court.  In addition to this certification, the parties shall briefly summarize the nature of the factual allegations made against the petitioner.  Although they need not do so, the parties may also briefly summarize the petitioner's response to those allegations.  Further, the parties shall set forth (1) the remaining deadlines under the Case Management Order (as amended by the Court's December 16 Order), (2) any requested modifications to those deadlines (and, if so, which party has requested modification), and (3) the status of any pending motions before the Court.  Finally, the petitioner's counsel shall certify that counsel, having reviewed the status of any other habeas corpus petitions filed by petitioners represented by the same counsel, is subject to no conflict of interest in representing the petitioner.

(5).    Section II.B of the Case Management Order is amended to state:

**B.    Presumption in Favor of the Government's Evidence.**
The Merits Judge may accord a rebuttable presumption of accuracy and authenticity to any evidence the government presents as justification for the petitioner's detention if the government establishes that the presumption is necessary to alleviate an undue burden presented by the particular

habeas corpus proceeding. See Hamdi, 542 U.S. at 534 ("[E]nemy-combatant proceedings may be tailored to alleviate their uncommon potential to burden the Executive at a time of ongoing military conflict . . . [For example,] the Constitution would not be offended by a presumption in favor of the government's evidence, so long as that presumption remained a rebuttable one and a fair opportunity for rebuttal were provided."); Boumediene, 128 S. Ct. at 2276 ("Certain accommodations can be made to reduce the burden habeas corpus proceedings will place on the military without impermissibly diluting the protections of the writ."). If the government contends that a rebuttable presumption of accuracy and authenticity with respect to its evidence regarding a particular petitioner's habeas corpus petition should be accorded, the government shall file a notice of its intent to seek a ruling from the Merits Judge recognizing such a presumption at the prehearing conference described in Section III.B.2 of this order. The notice shall be filed no later than 7 days prior to the prehearing conference. If the petitioner intends to challenge the government's request, it shall file a written objection to the government's notice within 3 days after the filing of the notice.

(6).    Section III.A of the Case Management Order is amended to state:

   A.    **Judgment on the Record.**

      1.    **Government's Motion for Judgment on the Record.** Within 14 days after the filing of the traverse, or within 14 days after the date of this Order in cases in which the petitioner already filed a traverse, the government shall file a motion for judgment on the record along with a memorandum of law in support of that motion. The memorandum of law shall address both the factual basis and the legal justification for detention, see Boumediene, 128 S. Ct. at 2269 ("The habeas court must have sufficient authority to conduct a meaningful review of both the cause for detention and the Executive's power to detain."), and shall not exceed 45 pages in length. The motion shall also be accompanied by a separate statement of material facts as to which the government contends there is no genuine dispute. The statement of material facts shall cite to the specific portions of the record that support the

<u>government's</u> contention that a fact is not in dispute and shall not contain argument.

2. **Petitioner's    Opposition/Cross-Motion    for Judgment on the Record.**  Within <u>fourteen</u> days after the filing <u>after the government's motion for judgment on the record, the petitioner shall file his opposition to the government's motion and, if appropriate, cross-motion for judgment on the record along with a consolidated memorandum of law in support of that opposition and cross-motion. The memorandum of law</u> shall address both the factual basis and the legal justification for detention, <u>see</u> <u>Boumediene</u>, 128 S. Ct. at 2269 ("The habeas court must have sufficient authority to conduct a meaningful review of both the cause for detention and the Executive's power to detain."), <u>and shall not exceed 60 pages in length.  The opposition</u> shall be accompanied by a factual response that either admits or controverts each fact identified in the <u>government's</u> statement of material facts as one to which there is no genuine dispute.  The factual response shall cite to the specific portions of the record that support the petitioner's contention that a fact is disputed.  The Court may treat as conceded any legal argument presented in <u>the government's memorandum of law in support of its motion for judgment on the record</u> that is not addressed in the <u>petitioner's memorandum of law in support of his opposition to that motion</u> and may assume that facts identified in the <u>government's</u> statement of material facts are admitted unless controverted in the factual response.  <u>If the petitioner files both an opposition and a cross-motion for judgment on the record, the cross-motion shall also be accompanied by a separate statement of material facts as to which the petitioner contends there is no genuine dispute.  The statement of material facts shall cite to the specific portions of the record that support the petitioner's contention that a fact is not in dispute and shall not contain argument.</u>

3. **Government's Reply/Cross-Opposition.** <u>Within 7 days after the filing of any opposition and cross-motion for judgment on the record by the petitioner, the government shall file its reply in support of its</u>

motion for judgment on the record and, if necessary, its cross-opposition to the petitioner's cross-motion for judgment on the record in one consolidated memorandum of law. The memorandum of law shall not exceed 15 pages in length unless the petitioner has filed a cross-motion for judgment on the record, in which case it shall not exceed 35 pages in length. If the petitioner files a cross-motion for judgment on the record, the government's consolidated memorandum of law shall be accompanied by a factual response that either admits or controverts each fact identified in the petitioner's statement of material facts as one to which there is no genuine dispute. The factual response shall cite to the specific portions of the record that support the government's contention that a fact is disputed. The Court may treat as conceded any legal argument presented in the petitioner's memorandum of law in support of any cross-motion for judgment on the record that is not addressed in the government's memorandum of law in support of its cross-opposition to that motion and may assume that facts identified in the petitioner's statement of material facts are admitted unless controverted in the factual response.

4.     **Petitioner's Cross-Reply.**  If the petitioner files a cross-motion for judgment on the record and the government files a cross-opposition in response, the petitioner shall file his cross-reply within 5 days after the filing of the cross-opposition. The cross-reply shall not exceed 20 pages in length. The Court may treat as waived any arguments in the cross-reply not made in the petitioner's initial memorandum of law unless an argument raised for the first time in a cross-reply is within the scope of the government's cross-opposition.

**5.**     **Hearing.**     The Merits Judge may allow oral argument if deemed necessary.

(7).     Section III.B.2 of the Case Management Order is amended to state:

B.     **Evidentiary Hearing.**

. . .

12

2.    **Prehearing Conference.**  Counsel shall appear for a prehearing conference to discuss and narrow the issues to be resolved at the <u>evidentiary</u> hearing, discuss evidentiary issues that might arise at the hearing, identify witnesses and documents that they intend to present at the hearing, and discuss the procedures for the hearing.

**SO ORDERED** this 19th day of December, 2008.

REGGIE B. WALTON
United States District Judge