**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FALEN GHEREBI, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 04-1164 (RBW) |
| BARACK H. OBAMA, President of the United States, and ROBERT M. GATES, Secretary of Defense, | ) |
| Respondents. | ) |
| TAJ MOHAMMAD, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 05-879 (RBW) |
| BARACK H. OBAMA, President of the United States, et al., | ) |
| Respondents. | ) |
| KARIN BOSTAN, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 05-883 (RBW) |
| BARACK H. OBAMA, President of the United States, et al., | ) |
| Respondents. | ) |

| | |
|---|---|
| NASRULLAH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>BARACK H. OBAMA, )<br>President of the United States, et al., )<br>)<br>Respondents. )<br> | Civil Action No. 05-891 (RBW) |
| ASIM BEN THABIT AL-KHALAQI, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>BARACK H. OBAMA, )<br>President of the United States, et al., )<br>)<br>Respondents. )<br> | Civil Action No. 05-999 (RBW) |
| MOHAMMED AMON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>BARACK H. OBAMA, )<br>President of the United States, et al., )<br>)<br>Respondents. )<br> | Civil Action No. 05-1493 (RBW) |

| | |
|---|---|
| ABDULLAH M. AL-SOPAI ex rel. ABDALHADI M. AL-SOPAI, | |
| Petitioner, | |
| v. | Civil Action No. 05-1667 (RBW) |
| BARACK H. OBAMA, President of the United States, et al., | |
| Respondents. | |
| KADEER KHANDAN, | |
| Petitioner, | |
| v. | Civil Action No. 05-1697 (RBW) |
| BARACK H. OBAMA, President of the United States, et al., | |
| Respondents. | |
| ISSAM HAMID ALI BIN ALI AL JAYFI, et al., | |
| Petitioners, | |
| v. | Civil Action No. 05-2104 (RBW) |
| BARACK H. OBAMA, President of the United States, et al., | |
| Respondents. | |

| | | |
|---|---|---|
| SHARAF AL SANANI, et al., | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-2386 (RBW) |
| BARACK H. OBAMA, President of the United States, et al., | ) ) ) ) | |
| Respondents. | ) ) | |
| WASIM and QAYED, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 06-1675 (RBW) |
| BARACK H. OBAMA, President of the United States, et al., | ) ) ) ) | |
| Respondents. | ) ) | |
| RABIA KHAN ex rel. MAJID KHAN, | ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 06-1690 (RBW) |
| BARACK H. OBAMA, President of the United States, et al., | ) ) ) ) | |
| Respondents. | ) ) | |

|   |   |   |
|---|---|---|
| MUHAMMAD MUHAMMAD SALEH NASSER ex rel. ABDULRAHMAN MUHAMMAD SALEH NASSER, | ) ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 07-1710 (RBW) |
| BARACK H. OBAMA, President of the United States, et al., | ) ) ) ) | |
| Respondents. | ) ) | |
| ABDUL RAHMAN UMIR AL QYATI and SAAD MASIR MUKBL AL AZANI, | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 08-2019 (RBW) |
| BARACK H. OBAMA, President of the United States, et al., | ) ) ) ) | |
| Respondents. | ) ) | |

**ORDER**

On February 10, 2009, the Court entered an order scheduling a global status hearing for those cases before this member of the Court involving petitions for the writ of habeas corpus filed by detainees at the Guantanamo Bay Naval Base in Guantánamo Bay, Cuba (the "February 10 Order"). Among other things, the Court instructed the petitioners to designate one petitioner's counsel to serve as lead counsel for purposes of the global status hearing. Now that lead counsel has been designated, the Court finds it prudent to provide both the petitioners and the respondents with as much advance notice as possible regarding the issues that the Court intends to raise at that global status hearing.

In its February 10 Order, the Court noted in a footnote that it intended to ask the respondents if they still seek to detain the petitioners as "enemy combatants," and, if so, how they define that term.  February 10 Order at 7 n.3.  Since the entry of that order, the respondents have filed a response to an order issued by the Honorable John D. Bates of this Court in separate habeas corpus proceedings in which they have declined to "refine" their prior proposed definition of the term "enemy combatant" and have requested instead that Judge Bates "not address that question in the abstract and before reaching the merits of the particular cases" before him.  Government's Response to the Court's Order of January 22, 2009[,] Regarding the Definition of Enemy Combatant at 2 (D.E. No. 151 in Hamlily v. Obama, Civil Action No. 05-763).  As Judge Bates ably explained in his order addressing that response, the "[r]espondents' rationale for their proposal to put off deciding the central legal standard of 'enemy combatant' is not persuasive," Hamlily v. Obama, Civil Action No. 05-763 (JDB), slip order at 2-3 (D.D.C. Feb. 11, 2009), because "the parties and the Court must have a clear, uniform understanding of the key legal standard to be applied" "well before" any factual hearing on the merits of the petitioners' habeas corpus petitions, id. at 2.[1]  So, while the Court will, of course, provide the respondents with an opportunity to convince it of the virtue of their seemingly preferred approach, the Court also expects the respondents to be prepared to recommend a format and schedule for resolving the issue of the appropriateness of the definition of the term "enemy

---

[1] Depending on the definition of the term "enemy combatant" adopted by the Court, it may not even be necessary to engage in factual hearings for some if not all of the petitioners.  For that reason, the undersigned member of the Court amended the Amended Case Management Order entered by the Honorable Thomas F. Hogan of this Court to provide those petitioners with cases before him the opportunity to seek expedited judgment in their favor based solely on the allegations set forth in the respondents' factual returns.  The respondents effectively short-circuited that process by obtaining an emergency delay in the adjudication of those motions, but unless they intend to acquiesce to the petitioners' habeas corpus petitions, they will have to explain the minimal conditions necessary for a person to qualify as an "enemy combatant" at some point, and preferably not on an ad hoc basis.

6

combatants" previously propounded by the respondents in a generalized and expedient manner if the Court decides to address the issue in that fashion.[2]

The question of how one should define the term "enemy combatant" is not the only question common to all the petitioners. As the Court explained in a recent order in which the Court, inter alia, denied without prejudice the motion for expedited judgment on the record filed by Karin Bostan (ISN 975), "whether the respondents may detain a lawfully designated enemy combatant indefinitely without establishing that the detainee presents a prospective threat to the security of the Nation," "whether a lawfully designated enemy combatant may be detained where the evidence suggests that the purpose of continued detention is interrogation rather than incapacitation of a potential combatant," and "whether a particular detainee's habeas corpus rights can be honored if the detainee is never informed of the factual basis for his detention" are all "important" issues that "must be addressed by the Court at some point." Bostan v. Obama, Civil Action No. 05-883 (RBW), slip order at 3 n.1 (D.D.C. Feb. 11, 2009). Because at least the first and third issues would appear to have general application to any of the petitioners that are found to have been properly designated as "enemy combatants" in the first instance, it may be appropriate to have consolidated briefing and oral argument on at least those issues. At a minimum, the parties should be prepared to recommend a format for resolving all three issues, whether through consolidated briefing or on an individual basis.[3]

---

[2] One possibility previously raised by the Court would be to have the petitioners "file a consolidated memorandum of law addressing common legal issues like the respondents' definition of the term 'enemy combatant' (or, in the interests of efficiency, simply adopt a prior memorandum of law or motion addressing these issues) and address the application of the issues to their individual circumstances through separate motions." Bostan v. Bush, Civil Action No. 05-883 (RBW), slip order at 4 n.2 (D.D.C. Feb. 11, 2009).

[3] The Court has previously expressed its "reluctan[ce] . . . to decide a motion that may impact the disposition of many other petitioners in [these cases] without at least affording the remaining petitioners (and the respondents) an opportunity to present their views as to how legal issues common to multiple petitioners with habeas corpus petitions before this member of the Court should be presented to the Court in the first instance." Bostan, slip order (continued . . . )

Finally, it is imperative that the parties be prepared to recommend "the most efficient method for deciding the merits of the many habeas corpus petitions pending before this member of the Court, including the sequencing of adjudications and possibilities for consolidation of individual petitions," and provide a "projected time line for resolving all of the habeas corpus petitions pending before this member of the Court." These cases have lingered for far too long. The parties should be ready to present their best plans for resolving them swiftly, which may include, if need be, the reservation of a particular day of the week on the Court's calendar to resolve any discovery or miscellaneous disputes arising over the course of the preceding week, the resolution of certain non-dispositive matters in Chambers conferences (whether in person or by telephone) rather than in open court, or any other procedural novelties that, in the parties' judgment, will bring these cases to a closure as expeditiously as possible.

Accordingly, it is

**ORDERED** that the parties shall be prepared to address the issues raised above at the global status hearing for the cases captioned above scheduled for February 18, 2009, at 3:00 p.m.

**SO ORDERED** this 13th day of February, 2009.

        REGGIE B. WALTON
        United States District Judge

---

at 3. Given the large number of petitioners with active habeas corpus petitions pending before this member of the Court, a piecemeal approach to resolving such issues like that recommended to Judge Bates by the respondents might well prove as unfeasible for the Court as it would be unfair to the petitioners. At the same time, considering what could literally amount to scores of motions from the petitioners on the same legal issues at the same time does not strike the Court as a particularly efficient process. It is for that reason that a hybrid approach, incorporating consolidated briefing on common legal issues and individualized briefing on how those common issues apply to the specific circumstances of individual petitioners, may prove the most effective method of resolving the many complex issues raised by these habeas corpus proceedings.