UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FALEN GHEREBI, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 04-1164 (RBW) |
| BARACK H. OBAMA, President of the United States, and ROBERT M. GATES, Secretary of Defense, | ) |
| Respondents. | ) |
| TAJ MOHAMMAD, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 05-879 (RBW) |
| BARACK H. OBAMA, President of the United States, et al., | ) |
| Respondents. | ) |
| KARIN BOSTAN, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 05-883 (RBW) |
| BARACK H. OBAMA, President of the United States, et al., | ) |
| Respondents. | ) |

| | |
|---|---|
| NASRULLAH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>BARACK H. OBAMA, )<br>President of the United States, et al., )<br>)<br>Respondents. )  | Civil Action No. 05-891 (RBW) |
| ASIM BEN THABIT AL-KHALAQI, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>BARACK H. OBAMA, )<br>President of the United States, et al., )<br>)<br>Respondents. ) | Civil Action No. 05-999 (RBW) |
| MOHAMMED AMON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>BARACK H. OBAMA, )<br>President of the United States, et al., )<br>)<br>Respondents. ) | Civil Action No. 05-1493 (RBW) |

| | |
|---|---|
| ABDULLAH M. AL-SOPAI )<br>ex rel. ABDALHADI M. AL-SOPAI, )<br>)<br>       Petitioner, )<br>)<br>v. )<br>)<br>BARACK H. OBAMA, )<br>President of the United States, et al., )<br>)<br>       Respondents. )  | Civil Action No. 05-1667 (RBW) |
| KADEER KHANDAN, )<br>)<br>       Petitioner, )<br>)<br>v. )<br>)<br>BARACK H. OBAMA, )<br>President of the United States, et al., )<br>)<br>       Respondents. ) | Civil Action No. 05-1697 (RBW) |
| ISSAM HAMID ALI BIN ALI AL JAYFI, )<br>et al., )<br>)<br>       Petitioners, )<br>)<br>v. )<br>)<br>BARACK H. OBAMA, )<br>President of the United States, et al., )<br>)<br>       Respondents. ) | Civil Action No. 05-2104 (RBW) |

|  |  |
|---|---|
| SHARAF AL SANANI, et al., )<br>)<br>        Petitioners, )<br>)<br>   v. )<br>)<br>BARACK H. OBAMA,               )<br>President of the United States, et al., )<br>)<br>        Respondents. ) | Civil Action No. 05-2386  (RBW) |
| WASIM and QAYED,             )<br>)<br>        Petitioners, )<br>)<br>   v. )<br>)<br>BARACK H. OBAMA,               )<br>President of the United States, et al., )<br>)<br>        Respondents. ) | Civil Action No. 06-1675  (RBW) |
| RABIA KHAN ex rel. MAJID KHAN, )<br>)<br>        Petitioner, )<br>)<br>   v. )<br>)<br>BARACK H. OBAMA,               )<br>President of the United States, et al., )<br>)<br>        Respondents. ) | Civil Action No. 06-1690  (RBW) |

4

|  |  |  |
|---|---|---|
| MUHAMMAD MUHAMMAD SALEH NASSER ex rel. ABDULRAHMAN MUHAMMAD SALEH NASSER, | ) ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 07-1710 (RBW) |
| BARACK H. OBAMA, President of the United States, et al., | ) ) ) ) | |
| Respondents. | ) ) | |
| ABDUL RAHMAN UMIR AL QYATI and SAAD MASIR MUKBL AL AZANI, | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 08-2019 (RBW) |
| BARACK H. OBAMA, President of the United States, et al., | ) ) ) ) | |
| Respondents. | ) ) | |

**SUPPLEMENTAL CASE MANAGEMENT ORDER**

In compliance with the mandate for "prompt" disposition of the cases captioned above directed by the Supreme Court in Boumediene v. Bush, ___ U.S. ___, ___, 128 S. Ct. 2229, 2275 (2008), it is

**ORDERED** that in addition to those procedures set forth in the case management order entered by the Honorable Thomas F. Hogan of this Court entered on November 6, 2008, as amended by Judge Hogan on December 16, 2008, and as further amended by the undersigned member of the Court on December 19, 2008, and, where inconsistent with the provisions of those orders, in replacement thereof, the following procedures shall govern these cases:

1. All counsel are expected to treat each other as well as the Court and its staff with civility and respect at all times.

2. **Contacting the Court.** Judge Walton's permanent staff consists of his career law clerk, Ms. Tammy Henderson, his courtroom deputy, Ms. Mattie-Powell Taylor, and his assigned court reporter, Ms. Phyllis Merana. Additionally, one of Judge Walton's term law clerks, Mr. Andrew Fausett, is responsible for assisting Judge Walton in the administration of these cases. Questions regarding court dates or the logistics of court appearances should be directed to Ms. Powell-Taylor at (202) 354-3184. Questions regarding transcripts should be directed in the first instance to Ms. Merana at (202) 273-0889. Other questions may be directed to Mr. Fausett at (202) 354-3290, but only insofar as the inquiry is consistent with the requirements of ¶ 3 of this order.

3. **Communications with Chambers.** Counsel are discouraged from communicating with Chambers unless absolutely necessary. Ex parte communication with Judge Walton or his Chambers staff on the substance of matters before the Court is absolutely prohibited.

4. **Global Status Hearings.** The Court will conduct regular global status hearings until such time as these cases are ready for disposition on their merits. The sole purpose of these hearings will be to identify non-dispositive motions requiring resolution by the Court and any other matters that, in the parties' view, require the Court's attention. One attorney shall be selected by counsel for the petitioners to act as the spokesperson for all of the petitioners at these global status hearings. Unless notified otherwise by the petitioners, the Court will presume that designated lead counsel for the petitioners at the global status hearing held on February 18, 2009, will serve as designated lead counsel for future global status hearings.

No later than three business days prior to a scheduled global status hearing, the parties shall file a joint notice of proposed agenda for the hearing listing the following: (1) all non-dispositive motions pending before the Court in these cases (except for those motions filed on the date by which the notice is due); (2) the identity of the movant (including the movant's ISN); (3) the case in which the motion was filed; (4) the docket entry number for the motion (if one exists); (5) the docket entry number for any opposition to the motion if one has been filed (and if a docket entry number exists), and, if no such opposition has been filed, whether the respondents intend to file an opposition prior to the global status hearing; (6) the projected length of time it will take to resolve the motion; and (7) whether the hearing should be open to the public. If the parties inadvertently omit a motion, they may file an amended joint notice of proposed agenda no later than 12:00 p.m. on the business day preceding the global status hearing.

The Court will make a final determination as to which non-dispositive motions listed by the parties in their joint notice of proposed agenda should be resolved at the global status hearing and will thereafter immediately commence adjudication of those motions. Thus, counsel with motions listed in the joint notice of proposed agenda

<u>shall be prepared to appear before this Court immediately following the global status hearing in question.</u>

To ensure that all counsel are kept abreast of the Court's rulings, the Court will permit counsel not participating in the motions listed in the joint proposed notice of agenda to listen by telephone to those hearings open to the public. The Court will issue a minute order no later than one business day prior to the global status hearing that specifies the procedures for listening to a hearing by telephone. However, counsel with motions included in the joint proposed notice of agenda may not appear telephonically absent prior leave from the Court, and counsel listening to the hearings by telephone will not be permitted to address the Court.

5. **Discovery.** Counsel are expected to fully conform to the directives of Local Civil Rule 26.2 at all times. Moreover, counsel are required by Federal Rule of Civil Procedure 26(f) and Local Civil Rule 7(m) to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention. Counsel are specifically admonished to familiarize themselves with the rulings of this Court on other discovery-related disputes with issues of law generally applicable to the petitioners in these cases and to refrain from raising legal arguments already rejected by the Court in other petitioners' habeas corpus proceedings.

6. **Non-Dispositive Motions.** Undisputed non-dispositive motions shall be granted as a matter of course provided there is good cause for the relief requested. Unless ordered otherwise, all other non-dispositive motions shall be resolved in open court following that global status hearing for which the parties have filed a joint notice of proposed agenda listing the motion in dispute. A non-dispositive motion not listed in the joint notice of proposed agenda for a particular global status hearing will not be heard on the date of that global status hearing except in emergent circumstances.

7. **Definition of "Enemy Combatant."** The Court intends to resolve the scope of the Executive's authority to detain a petitioner in the first instance as an "enemy combatant" as soon as is practicable. On or before March 13, 2009, the petitioners shall file a notice with the Court explicitly listing any and all memoranda of law upon which they wish to rely for purposes of resolving this issue along with the case and docket entry number for each document listed. By that same date, the respondents shall file a notice indicating whether they intend to refine the definition of the term "enemy combatant" for purposes of justifying the detention of these petitioners. The petitioners may file one consolidated reply to any such notice on or before March 20, 2009. The Court will hear oral argument on this issue on March 23, 2009. The petitioners shall designate one petitioner's counsel to serve as designated lead counsel solely for the purposes of this oral argument and notify the Court of this designation on or before March 20, 2009.

8. **Responses to Factual Returns.** No later than ten days after the entry of an order from the undersigned member of the Court resolving the scope of the Executive's authority to detain a petitioner in the first instance as an "enemy combatant," those

7

      petitioners with active habeas corpus petitions that have received unclassified factual returns from the respondents shall respond to the factual return by filing either a traverse or a motion for expedited judgment on the record. If a petitioner files a motion for expedited judgment on the record and that motion is denied, the petitioner shall file his traverse no later than ten days from the date of the entry of the order denying his motion for expedited judgment on the record.

9. **Motions for Expedited Judgment on the Record.** A petitioner may file a motion for expedited judgment on the record only if the petitioner believes in good faith that the allegations set forth in the narrative of the factual return for that petitioner, if assumed to be true, do not suffice to justify the detention of the petitioner as an "enemy combatant" under the definition of that term adopted by the Court. A copy of the unclassified version of the factual return in dispute should be attached as an exhibit to the motion. The respondents shall file their opposition, if any, to such a motion within five days of the filing of the motion. A hearing on the merits of the motion, if necessary, will be scheduled by the Court.

10. **Consideration of Other Common Legal Issues.** The Court will defer consideration of other legal issues potentially common to a substantial number of petitioners, such as the temporal scope of the Executive's authority to detain a petitioner properly designated as an enemy combatant in the first instance or the availability of effective habeas corpus relief to a petitioner denied knowledge of the basis of the charges against him, until such time as it is clear that these issues are ripe for review.

    **SO ORDERED** this 19th day of February, 2009.

                                          REGGIE B. WALTON
                                          United States District Judge